IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| Melissa Brown and Ben Jenkins, | Civil Action No.: 3:15-cv-12 |
| Plaintiffs, | |
| v. | |
| Rightscorp, Inc., a Nevada Corporation, f/k/a Stevia Agritech Corp.; Rightscorp, Inc., a Delaware Corporation; and DOES 1-10, inclusive, | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Melissa Brown and Ben Jenkins, by undersigned counsel, state as follows:

## NATURE OF CASE

1. Rightscorp describes itself to investors as a "leading provider of monetization services" for copyright owners.

2. Rightscorp blasts consumers with automated telephone calls and text messages in an effort to pressure consumers to settle purported copyright infringement claims.

3. Rightscorp employs an automatic telephone dialing system ("ATDS") and/or a prerecorded or artificial voice in its calls and text-messages to reach consumers on their landline and cellular telephones.

4. Rightscorp does so without obtaining consumers' prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

5. Rather than obtain consumers' prior express consent, Rightscorp obtains target-consumers' contact information through issuance of subpoenas to various Internet Service Providers ("ISPs") pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h).[1]

6. Once Rightscorp obtains a consumer's contact information, it commences auto-calls and text messages in an attempt to intimidate the consumer into "settlement."

7. Rightscorp's receipt of contact information from ISPs does not constitute obtaining consumers' prior express consent as required by the TCPA.  Accordingly, Rightscorp's auto-calls and text messages to consumers violate the TCPA.

## JURISDICTION

8. This action arises out of Defendants' repeated violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*.  Federal question subject matter jurisdiction is established.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

10. Plaintiff Melissa Brown ("Brown") is an adult individual residing in Monroe, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

---

[1] The legality of Rightscorp's subpoenas is highly questionable.  Under 17 U.S.C. § 512(h), a subpoena may not be issued to an ISP which does not store information on its system but rather acts as a mere "conduit" for electronic communications. *See In re Charter Commc'ns, Inc.*, 393 F.3d 771, 776-78 (8th Cir. 2005); *Recording Indus. Assoc. of Am. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1236-39 (D.C. Cir. 2003).  Rightscorp willfully disregards this requirement, issuing such subpoenas to conduit ISPs and storage ISPs alike.  In *In re Subpoena Issued to Grande Commc'ns Networks LLC*, 1:14-mc-00848, Doc. No. 1 (W.D. Tex. Sept. 5, 2014), the plaintiffs moved to quash a subpoena issued by Rightscorp to its internet service provider.  Rather than defend its subpoena's legality, Rightscorp packed up its bags and withdrew its subpoena the very next day.  *See id.*, Doc. No. 3 (Sept. 10, 2014).  The case was dismissed in result.  *See id.*, Doc. No. 4 (Sept. 12, 2014).  The *Grande* documents are attached hereto as <u>Exhibit A</u>.

11. Plaintiff Ben Jenkins ("Jenkins") is an adult individual residing in Monroe, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

12. Defendant Rightscorp, Inc. is a Nevada business entity with its headquarters and principal place of business located at 3100 Donald Douglas Loop North, Santa Monica, CA 90405 ("Rightscorp Nevada").  On information and belief, Rightscorp was formerly known as Stevia Agritech Corp.

13. Defendant Rightscorp, Inc. is a Delaware business entity with its headquarters and principal place of business located at 3100 Donald Douglas Loop North, Santa Monica, CA 90405 ("Rightscorp Delaware" and together with Rightscorp Nevada, "Rightscorp").  On information and belief, Rightscorp Delaware is a wholly owned subsidiary of Rightscorp Nevada.

14. Does 1-10 (the "Clients") are individual clients of Rightscorp on whose behalf Rightscorp was acting, as an agent, in doing the wrongful acts alleged in this complaint, and whose identities are currently unknown to the Plaintiff.  One or more of the Clients may be joined as parties once their identities are disclosed through discovery.

## FACTS

15. The City of Monroe, Georgia offers "cable internet" services to its residents.

16. In or around September of 2014, Rightscorp sent the City of Monroe a certified letter containing a subpoena issued by a California court, which ordered the city to turn over information regarding its internet customers' possible copyright infringements and personal contact information.

17. The city complied with the subpoena, sending the personal contact information of thousands of its internet customers to Rightscorp.

18. In or around October of 2014, Brown received a letter from Rightscorp stating "You Have Unpaid Copyright Infringements," and encouraging Brown to call "1(888) 851-3801" to "avoid interruption of [her] Internet service, or other possible legal consequences." A copy of the letter is attached hereto as <u>Exhibit B</u>.

19. The letter further provided: "We have evidence that a computer on your Internet account was used to illegally distribute ('file share') one or more of our clients' copyrighted works. More than 200,000 people have been sued since 2010 for peer to peer file sharing copyright infringements. Forty-six such new lawsuits were filed in August 2013 alone."

20. Jenkins called the number included in the letter to inquire why Brown had received the letter.

21. Thereafter in October of 2014, Jenkins began receiving emails from Rightscorp addressed to Brown. The emails reiterated the threats from the initial letter.

22. In an email to Jenkins's email address dated October 20, 2014, an agent of Rightscorp named "Marina" wrote:

> Dear Melissa Brown,
>
> Attached is the evidence of 26 copyright infringements that have occurred as a direct result of a file sharing program operating under your internet connection: [REDACTED]. I have also included all 26 e-mail notifications that were automatically sent to your internet service provider regarding federal law being broken under their services.
>
> Any further questions or concerns you may contact my direct line at (310) 405-0102. I do ask that you refrain from derogatory language when speaking with a DMCA Agents, as the transactions are kept on file.
>
> Thank you for your cooperation,
>
> Marina

23.     Attached to the email was a copy of the 26 "email notifications" that had been sent to Jenkins's email address, as well as a list of the 26 alleged copyright infringements.

24.     Plaintiffs did not remit payment to Rightscorp in response to Rightscorp's emails.

25.     Thereafter, Rightscorp became more aggressive in its solicitations, and began placing calls to Brown's cellular phone, Jenkins's cellular phone, as well as Plaintiffs' home phone.

26.     At all times mentioned herein, Rightscorp placed calls to Plaintiffs' phones using an ATDS and/or an artificial or prerecorded voice.

27.     When Plaintiffs answered calls from Rightscorp, they were met with an automated prompt.

28.      On other calls from Rightscorp, Plaintiffs experienced a brief period of silence before being connected to a live agent.

29.     Further, Rightscorp began placing text messages to Brown's cell phone, a reproduction of which is included here:



30. The FCC has clarified that text messages qualify as "calls" under the TCPA. *See In re Rules* and *Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003); *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

31. The text messages sent to Brown's cellular phone were made with an ATDS as defined by 47 U.S.C. § 227(a)(1).

32. The telephone number messaged by Rightscorp was assigned to a cellular telephone service for which Brown incurs charges for incoming messages pursuant to 47 U.S.C. § 227(b)(1).

33. The messages from Rightscorp to Brown were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Plaintiffs never provided Rightscorp with their phone numbers. Plaintiffs never provided Rightscorp with prior express consent to call Plaintiffs using automated technology. On information and belief, Rightscorp obtained Plaintiffs' phone numbers through subpoena to the City of Monroe.

35. On numerous occasions, Jenkins called Rightscorp and informed that he and Brown never provided their numbers to Rightscorp, never provided their consent to be contacted by Rightscorp, and further instructed Rightscorp to cease the calls, text messages, emails and letters to both him and Brown. Jenkins provided sufficient information for Rightscorp to identify their communications to him and Brown in order to make such communications stop.

36. Jenkins sent Rightscorp numerous emails instructing Rightscorp to cease their calls, text messages, emails and letter solicitations to him and Brown.

37. Regardless, Rightscorp continued to place calls and text messages to Plaintiffs' cellular and home phones.

38. Rightscorp also continued to send Plaintiffs email and letter solicitations.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. At all times mentioned herein and within the last four years, Rightscorp called Plaintiffs on their cellular and home phones using an ATDS and/or a prerecorded or artificial voice.

41. Further, Rightscorp sent multiple automated text messages to Brown's cell phone number without her prior express consent.

42. Each of the aforementioned messages by Rightscorp constitutes a violation of the TCPA.

43. The telephone numbers called by Rightscorp were assigned to cellular telephone services for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. The calls from One to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiffs are entitled to an award of $500.00 in statutory damages for each call or text message made in violation of the TCPA.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

46. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Rightscorp knew it employed an ATDS and/or a prerecorded or automated voice.

48. Rightscorp knew it was calling and text-messaging Plaintiffs with such technology.

49. Rightscorp knew it did not have Plaintiffs' prior express consent to contact Plaintiffs with such technology.

50. Rightscorp made the aforementioned contacts for an improper purpose, *i.e.* to intimidate Plaintiffs into "settlement" for a nonexistent copyright infringement.

51. Accordingly, Rightscorp knowingly and/or willfully violated the TCPA.

52. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 17, 2015

                                         By:   /s/ Sergei Lemberg, Esq.
                                         Attorney Bar No.: 598666
                                         Attorney for Plaintiff Nina White
                                         LEMBERG LAW L.L.C.
                                         1100 Summer Street, Third Floor
                                       Stamford, CT 06905
                                       Telephone: (203) 653-2250 ext. 5500
                                       Facsimile:   (203) 653-3424
                                       Email: slemberg@lemberglaw.com