IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MELISSA BROWN and BEN JENKINS,** )<br>)<br>*Plaintiffs*, )<br>)<br>vs. )<br>)<br>**RIGHTSCORP, INC., a Nevada Corporation,** )<br>**f/k/a Stevia Agritech Corp.; RIGHTSCORP,** )<br>**INC., a Delaware Corporation; and DOES 1-10,** )<br>**inclusive,** )<br>)<br>*Defendants.* ) | CASE NO.<br>3:15-CV-12 (CAR) |

**DEFENDANT RIGHTSCORP, INC.'S**
**MOTION TO STAY ACTION & MEMORANDUM IN SUPPORT**

COMES NOW Defendants Rightscorp, Inc., a Delaware Corporation ("Defendant"), by and through its counsel, and files this Motion to Stay Action and Memorandum in Support.

**I.    INTRODUCTION**

In their Complaint, filed February 17, 2015, Plaintiffs Melissa Brown and Ben Jenkins ("Plaintiffs") allege Defendant Rightscorp, Inc. ("Rightscorp") made automated telephone calls and text messages to their cell phones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Plaintiffs acknowledge Rightscorp made these calls because it had "'evidence a computer on [each plaintiff's] Internet account was used to illegally distribute ("file share") one or more of [Rightscorp's] clients' copyrighted works.'"  Compl., ¶19 [Dkt. 1]. The damages sought in this case are subsumed by a putative class action currently pending in the United States District Court, Central District of California, on behalf of a national class of persons who "Rightscorp called or caused to be called at their cellular telephone number(s) using: (i) an artificial or pre-recorded voice; and/or (ii) equipment with the capacity to dial

numbers without human intervention." *See Blaha v. Rightscorp, Inc., et al*, C.D. Cal. Case No. 2:14-cv-9032-DSF-(JCGx) (First Amended Complaint filed March 9, 2015), at ¶ 65, attached hereto as Exhibit A (the "TCPA Class Action").

While Rightscorp will oppose the Motion for Class Certification in the TCPA Class Action and does not believe a class action is the appropriate vehicle for adjudicating the claims of a putative nationwide class of copyright infringers, until the Central District of California decides the certification issue, a stay of this action is prudent to prevent an unnecessary waste of judicial resources. Indeed, if the TCPA Class Action is certified it could result in complete compensation to the Plaintiffs in this action. Thus, granting a stay of this action will prevent a potential double recovery for Plaintiffs.

## II.  FACTUAL BACKGROUND

On November 21, 2014, Plaintiffs Karen Reif and Isaac Nesmith filed the TCPA Class Action on behalf of "[a]ll natural persons residing in the United States, who, during the period four years prior to the date of filing this action, Rightscorp called or caused to be called at their cellular telephone number(s) using: (i) an artificial or pre-recorded voice; and/or (ii) equipment with the capacity to dial numbers without human intervention." *See Reif et al. v. Rightscorp., Inc. et al*, C.D. Cal. Case No. 2:14-cv-9032-DSF-(JCGx) (Original Complaint filed Nov. 21, 2014), at ¶ 73, attached hereto as Exhibit B. On March 9, 2015, a First Amended Complaint was filed, naming John Blaha as the representative class plaintiff and dropping Plaintiffs' causes of action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788, *et seq*. The TCPA Class allegations remained the same. *Compare* Exh. B (TCPA Class Action Original Compl., ¶ 73) *with* Exh. A (TCPA Class Action FAC, ¶ 65). The TCPA Class Action Court has set a deadline

of July 27, 2015 for Plaintiffs to file their Motion for Class Certification.

On February 17, 2015, Plaintiffs filed the Complaint in this action alleging violations of the TCPA based on conduct that falls squarely within the Class Definition in the TCPA Class Action. Specifically, Plaintiffs allege that, within the last four years, Rightscorp called Plaintiffs on their cellular phones using an automatic telephone dialing system and/or a prerecorded or artificial voice.

Both the TCPA Class Action and Plaintiffs in this action seek statutory damages in an amount between $500 and $1,500 for each violation of the TCPA. *Compare* Compl., ¶¶ 45 and 52 *with* Exh. A (TCPA Class Action FAC, ¶¶ 82 and 84).

### III.   THE COURT SHOULD STAY THIS ACTION

Rightscorp asks this Court to stay this case pending the outcome of the anticipated Motion for Certification in the TCPA Class Action. "The power to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for counsel, and for litigants.'" *Fitzer v. American Institute of Banking, Inc.*, 2010 WL 1955974 at *1, No. CV 209-169 (May 13, 2010, S.D. GA) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. *Id.*; *see also CTU-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "In making this decision, a court may consider the prudential advantages of a stay but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." *Fitzer*, 2010 WL 1955974 at *1, No. CV 209-169 (May 13, 2010, S.D. GA) (quotations omitted).

Moreover, under the first-to-file rule, "where two actions involving [1] overlapping

issues and [2] [overlapping] parties are pending in two federal courts, there is a strong presumption . . . that favors the forum of the first-filed suit." *Peterson v. Aaron's, Inc.*, 2015 WL 224750 at *3, No. 1:14-CV-1919-TWT (Jan. 15, 2015, N.D. Georgia) (granting defendant's motion to stay pending a decision on class certification because the first filed suit "is largely based on the same alleged conduct underlying the Plaintiffs' claims here"). When "a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, [or] allow both suits to proceed." *Id.* (citing *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). "The policy behind the rule is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (citing *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "For the rule to apply, the parties in both actions need not be identical . . . the critical inquiry is one of substantial overlap." *Id*. At *2. "Additionally, in the context of class action lawsuits, it is the class, not the class representatives, that are relevant for purposes of the first-to-file rule." *Id*. (citations omitted.)

A Stay in this action is warranted. First, Plaintiffs' claims seek damages for the same TCPA violations as the TCPA Class Action. Staying the proceedings minimizes the risk of double recovery. *See Wash. Mut. Bank v. Law Office of Robert Jay Gunenick, P.C.*, 561 F. Supp. 2d 410, 412 (S.D.N.Y. 2008) (granting defendant's motion for stay because the damages sought by the plaintiff in that case "overlap[ped] significantly" with those claimed by the plaintiff in a pending bankruptcy proceeding). Second, under the first-to-file rule, the TCPA Class Action was filed first, there are overlapping parties and overlapping issues and, thus, this Court has discretion to stay this action pending resolution of class certification to avoid piecemeal adjudication of the claims against Rightscorp. Third, a stay will not unduly prejudice or

disadvantage either Plaintiffs in this action or the TCPA Class.  This case is not yet at issue; the parties have undertaken no discovery; and no scheduling order or trial date has been entered.  *See Fitzer*, 2010 WL 1955974 at *2, No. CV 209-169 (May 13, 2010, S.D. GA).  Moreover, staying the proceedings until the California Court decides whether the TCPA Class should be certified will likely prevent duplicative efforts and discovery costs for both parties.

**IV.      CONCLUSION**

For the foregoing reasons, the Court should grant Defendant Rightscorp's Motion to Stay.

Respectfully submitted this 10th day of April 2015.

                                             s/ Michael O. Crain
                                             Michael O. Crain
                                             Georgia Bar No. 193079
                                             Counsel for Defendants

CRAIN LAW GROUP, LLC
297 Prince Avenue, Suite 24
Athens, Georgia 30601
(706) 548-0970 – Telephone
(706) 369-8869 – Facsimile
E-mail: mocrain@crainlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served the foregoing **DEFENDANT RIGHTSCORP, INC.'S MOTION TO STAY ACTION & MEMORANDUM IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Sergei Lemberg, Esq.
>LEMBERG LAW L.L.C.
>1100 Summer Street, Third Floor
>Stamford, CT  06905
>Tel. (203) 653-3350
>Fax (203) 653-3424
>E-mail:  slemberg@lemberglaw.com

Submitted this 10th day of April 2015.

>s/ Michael O. Crain
>Michael O. Crain
>Ga. Bar No. 193079
>Counsel for Defendants

CRAIN LAW GROUP, LLC
297 Prince Avenue, Suite 24
Athens, GA  30601
Tel: (706) 548-0970
Fax: (706) 369-8869
E-mail:  mocrain@crainlawgroup.com