IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Melissa Brown and Ben Jenkins, | : |
| Plaintiffs, | : |
| v. | : Civil Action No.: 3:15-cv-00012-CAR |
| Rightscorp, Inc., a Nevada Corporation, f/k/a Stevia Agritech Corp.; Rightscorp, Inc., a Delaware Corporation; and DOES 1-10, inclusive, | : |
| Defendants. | : |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT RIGHTSCORP, INC.'S MOTION TO STAY ACTION**

Plaintiffs Melissa Brown and Ben Jenkins (together "Plaintiffs"), by and through undersigned counsel, respectfully oppose Defendant Rightscorp, Inc.'s ("Rightscorp") Motion to Stay.

Rightscorp asks this court to take the unprecedented step of staying this individual action pending the outcome of a class action case in a separate jurisdiction.[1]  Plaintiffs have searched high and low for a case where similar relief was granted and have found none.  Indeed, reported decisions show Rightscorp's motion should be denied: the difference between individual and class action cases is material and staying one pending the resolution of the other is inappropriate. *See Dubee v. P.F. Chang's Bistro, Inc.*, 2010 WL 3323808, at *2 (N.D. Cal. Aug. 23, 2010) (finding that the plaintiffs in two separate cases were neither the same nor substantially similar where one case was proceeding solely as an individual action and the other as a class action, even where the class in the latter case—if certified—could encompass the individual plaintiff in

---

[1] The other action is *Blaha v. Rightscorp, Inc., et al*, Case No. 2:14-cv-9032-DSF-JCG (C.D. Cal.) ("*Blaha*") pending in the Central District of California.

the former case); *see also Harris v. McDonnell*, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013).

Resolution of the instant motion is relatively straightforward: Plaintiffs unequivocally opt out of any class certified in *Blaha*. No class has been certified in *Blaha*. Whether one will be certified is entirely speculative. If one is certified at some later date, Plaintiffs have a due process right to opt out of any class and pursue their own claims against Rightscorp. *See* Fed. R. Civ. P. 23(c)(2)(v) (Rule 23(b)(3) class members *must* be permitted opportunity to exclude themselves); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965 (1985). Plaintiffs opt out, they do not consent to have their claims against Rightscorp be decided in a class action where they would likely recover less then as individual plaintiffs and they do not wish to cede control of their claims to individuals and attorneys with whom they have no relationship. Because Plaintiffs opt-opt out of any class resolution, there is no ground to stay the case here.

Moreover, a stay will do nothing more than delay this case. Nothing in *Blaha* is binding on this Court or these Plaintiffs or these Defendants. If a class is certified there, this Court will still have to resolve the Plaintiffs' claims and the Defendants' defenses; the only difference being that instead of resolving these issues now, the Court will have to do so years hence—years in which witnesses will move, evidence will spoil and memories fade.

Rightscorp wants a stay because it, apparently, is being repeatedly sued for serial violations of the Telephone Consumer Protection Act and wants to limit its exposure by delaying cases and forcing Plaintiffs here to join a class action of which they want no part. With all due respect to Rightscorp, that it is involved in litigation in another jurisdiction for engaging in similar unlawful behavior is not this Court's or Plaintiffs' concern nor is it grounds to stay this

case. For the reasons stated herein, Plaintiffs request that the Court deny the motion to stay.

## BACKGROUND

Plaintiffs seek relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 277 *et seq*. The TCPA makes it unlawful to make any automated or prerecorded telephone call (a "robocall") to a person's cellular telephone without their prior express consent. 47 U.S.C. § 227(b)(1)(A). Penalties for violating the TCPA are stiff: $500 to $1,500 per call. 47 U.S.C. § 227(b)(3).

Rightscorp violated the TCPA. Rightscorp made robocalls with prerecorded voices and sent automated texts to the Plaintiffs. (Complaint ¶¶ 26–31, 40). Plaintiffs did not give Rightscorp their phone numbers or consent to receive such calls. (Complaint ¶¶ 33–34). In fact Rightscorp acquired Plaintiffs cellular numbers by subpoenaing the City of Monroe, Georgia and demanding the city turn over information on its residents' internet usage and personal contact information. (Complaint ¶ 16). The city complied with the subpoena, sending the personal contact information of thousands of its internet subscribers to Rightscorp. (Complaint ¶ 17). Plaintiffs are two of those subscribers and it was through that mechanism that Rightscorp obtained Plaintiffs' telephone numbers.

In late-2014, Rightscorp began placing the calls to Plaintiffs' cellular and home phones. (Complaint ¶ 25). When Plaintiffs answered, they were met with either an automated prompt or a brief period of silence before being connected to a live agent. (Complaint ¶¶ 27–28). Jenkins repeatedly informed Rightscorp that he and Plaintiff had never provided their numbers or their consent to be contacted by Rightscorp, and instructed Rightscorp to cease the calls, text messages, emails and letters. (Complaint ¶ 35).

Plaintiffs initiated this action on February 17, 2015. (Doc. No. 1).

The *Blaha* case was filed on November 21, 2014. However, Blaha was then not a party as the matter was initially filed as *Rief & Nesmith v. Rightscorp, Inc., et al. See* Case No. 2:14-cv-09032-DSF-JCG (C.D. Cal.) (Doc. No. 1 filed Nov. 21, 2014). Blaha did not become a plaintiff until March 9, 2015, when an amended complaint was filed removing the original plaintiffs entirely and adding a new one, John Blaha. *See* Case No. 2:14-cv-09032-DSF-JCG (C.D. Cal.) (Doc. No. 22 filed Mar. 9, 2015).

## ARGUMENT

### I. A STAY IS NOT WARRANTED BECAUSE PLAINTIFFS HAVE DUE PROCESS RIGHT TO PROSECUTE THIS LITIGATION INDIVIDUALLY

Rightscorp argues that a stay is appropriate under the first-to-file rule. The first-to-file rule does not apply because staying this action would offend Plaintiffs' due process rights. First, in class actions predominantly for monetary damages, due process entitles class members the right to opt out. *See Shutts*, 472 U.S. at 811–12 ("If the forum state wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. . . . [W]e hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court.") (footnote omitted); *see also Juris v. Inamed Corp.*, 685 F.3d 1294, 1329–31 (11th Cir. 2012) (discussing *Shutts*). Second, members of classes certified under Rule 23(b)(3) have an unconditioned right to opt out to pursue claims individually. *See* Fed. R. Civ. P. 23(c)(2); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617, 117 S. Ct. 2231 (1997); *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983) (acknowledging "opt out protection of [Rule] (b)(3)"). Third, courts have discretion to mandate class members be provided the right to opt out of Rule 23(b)(2) classes. *See Holmes*, 706 F.2d at 1154 (citing *Penson v. Terminal Transport Co.*, 634 F.3d 989, 993 (5th

4

Cir. 1981)).

Here, the *Blaha* class action seeks predominantly monetary damages, *see* Case No. 2:14-cv-9032-DSF-JCG (C.D. Cal.) (Doc. No. 22, Prayer for Relief on Complaint) (seeking statutory damages under TCPA, damages for abuse of process claim including punitive and exemplary damages, attorney's fees and costs, as well as preliminary and permanent injunctive relief prohibiting Rightscorp from continuing to issue illegal subpoenas), and Plaintiffs opt out to pursue their claims here. (Lemberg Decl. ¶ 6).

Further, according to the amended complaint, the *Blaha* class seeks certification under Rule 23(b)(3) (opt out right unconditional), as well as Rule 23(b)(2).  There is no telling under which rule, if either, *Blaha* might be certified.  Nor is it possible to tell whether Rule 23(b)(2) class members would be allowed by court order or party agreement to opt out.  Accordingly, a stay is not warranted on the small chance that, years hence, the *Blaha* class might encompass Plaintiffs.

## II. A STAY IS NOT WARRANTED BECAUSE THE FIRST-TO-FILE RULE IS INAPPLICABLE

The first-to-file rule does not apply here between Plaintiffs' individual action and *Blaha*, a putative class action, because the parties and issues are not substantially similar.  "The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)).  The first-to-file rule does not apply between class-actions and individual lawsuits because the plaintiff parties are materially dissimilar. *Harris*, 2013 WL 5720355, at *4; *Dubee*, 2010 WL 3323808, at *2.

Plaintiffs are not parties to *Blaha*, no class has been certified there, and, even if a class is

certified, Plaintiffs will opt out. (Lemberg Decl. ¶ 6).  Rightscorp cites no case, and Plaintiffs' counsel knows of none, wherein an individual action was so swallowed by a putative class action on speculation that one day, the plaintiffs could be members of the putative class. (*See* Doc. No. 7 p. 4).  Moreover, the cases are dissimilar in that *Blaha* is a putative class action requiring the litigation of numerosity, commonality, typicality, and adequate class representation on top of any TCPA-based legal issues. *See* Fed. R. Civ. P. 23.  Rightscorp relies heavily on *Peterson v. Aaron's, Inc.*, 2015 WL 224750 (N.D. Ga. Jan. 15, 2015).  However, *Peterson* concerned two separate class claims. *Id*. at *2 (comparing the two class definitions and finding they overlap).  Where two actions seek to represent the same class of people, the first-to-file rule is properly applied to ensure that identical relief for the same class is not granted in two separate actions.  The relationship is fundamentally different between a class action and an individual action and even more so when the individual does not want to be part of class proceedings (as is their right).

Additionally, it is unclear which case was truly first; the instant action or *Blaha*.  Plaintiffs filed this case on February 17, 2015.  The sole lead plaintiff in *Blaha* was not substituted into the class action until March 9, 2015.  Mr. Blaha himself waited until *after* the Plaintiffs here initiated their action before he decided to pursue his claims.  Thus, Plaintiffs were in fact the "first-to-file" rather than Mr. Blaha and, if anything, Rightscorp should be moving to stay its *Blaha* case rather than these proceedings.

Finally, if this Court finds *Blaha* was first filed, under the first-to-file rule, it is the *Blaha* court which must determine whether this case must be "dismissed, stayed, or transferred and consolidated." *See Collegiate Licensing Co.*, 713 F.3d at 78 (citing *Mann Mfg., Inc., v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).  Defendant must take up its issue with the Central District of California while this case proceeds.

### III. COURT'S INHERENT AUTHORITY TO STAY IS NOT PRUDENTLY EXERCISED HERE

Nor is a stay appropriate under this Court's inherent authority. The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the case before them.").

In making its determination, a court may consider the prudential advantages of a stay, "but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted." *Dise v. Express Marine, Inc.*, 2008 WL 2163920, at *3 (S.D. Ala. May 19, 2008).

Several factors weigh against the Court exercising its inherent authority to stay this action in addition to the reasons cited *supra*.  First, Plaintiffs have sought specific counsel with expertise in Telephone Consumer Protection Act and consumer litigation to carry out their individual case.  Plaintiff's counsel's firm has represented more than 11,000 consumers in consumer law matters, including actions brought under the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Magnuson Moss Federal Act, the Truth in Lending Act, and a variety of state consumer protection statutes. (Lemberg Decl. ¶ 2).  Counsel's reported consumer law decisions include but are not limited to: *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th Cir. Jan. 23, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666 (D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013); *Pollard v. Law Office of Mandy L.*

*Spaulding*, 2013 WL 4780078 (D. Mass. Sept. 9, 2013) (Stearns, J.); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012); *Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011). (Lemberg Decl. ¶ 3).  Plaintiffs should not be denied their chosen counsel's expertise because a putative class action was filed across the country.

Second, much of the evidence and witnesses are in this district.  Plaintiffs reside in Monroe, Georgia and Defendants allegedly obtained Plaintiffs' contact information through a subpoena to the City of Monroe. (Doc. No. 1 ¶¶ 10-11, 16-17).

Third, Defendants cite no undue burden, prejudice, or hardship caused by litigating in Georgia.  Rather, its primary concern for proceeding here is "unnecessary waste of judicial resources." (S*ee* Doc. 7 p. 2).  However for Plaintiffs, residents of this district, a stay of this case to await a class certification that may never come is indeed a harm.

Finally, as noted, any resolution in the *Blaha* matter will not bind this Court or resolve this action.  Rightscorp is not requesting a stay pending some action by our appellate court or a ruling by a government agency.  Even if the plaintiff in *Blaha* is entirely successful in his action (which will likely take years), these Plaintiffs here will still have their claims, their burdens of proof, and this Court will still have the role of adjudicating the dispute.  A stay will only serve to delay, nothing more.

## **CONCLUSION**

For the foregoing, Plaintiffs respectfully request the court deny Defendant's motion to stay this lawsuit.

Dated: May 1, 2015

          By:  /s/ Sergei Lemberg, Esq.
          Attorney Bar No.: 598666
          Attorney for Plaintiffs
          LEMBERG LAW, LLC.
          1100 Summer Street, Third Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250 ext. 5500
          Facsimile:   (203) 653-3424
          Email: slemberg@lemberglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2015, I served the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Michael O. Crain
Crain Law Group, LLC
297 Prince Avenue, Suite 24
Athens, GA 30601

                                         /s/ Sergei Lemberg
                                         Sergei Lemberg