**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **MELISSA BROWN and BEN JENKINS,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | 3:15-CV-12 (CAR) |
| **RIGHTSCORP, INC.**, a Nevada Corporation, | ) | |
| f/k/a Stevia Agritech Corp.; **RIGHTSCORP,** | ) | |
| **INC.**, a Delaware Corporation; and DOES 1-10, | ) | |
| inclusive, | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS RIGHTSCORP, INC.'S**
**ANSWER TO COMPLAINT**

Defendants Rightscorp, Inc., a Nevada Corporation, f/k/a Stevia Agritech Corp. and Rightscorp, Inc., a Delaware Corporation (collectively referred to as "Defendant") through counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint respectfully states as follows:

**NATURE OF THE CASE**

1.  Defendant admits that it "describes itself to investors as a 'leading provider of monetization services' for copyright owners."

2.  Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint.

4.  Paragraph 4 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the

Complaint.  Defendant denies the any factual allegations contained within this paragraph.

5.	Defendant admits that it occasionally "obtains target-consumers' contact information through issuance of subpoenas to various Internet Service Providers ('ISPs') pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(h)."  Except as expressly alleged herein, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.	Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.	Paragraph 7 of the Complaint does not require a response because it contains conclusions of law.  Defendant does not admit to any of the legal conclusions alleged in the Complaint.

## JURISDICTION

8.	Paragraph 8 of the Complaint does not require a response because it contains conclusions of law.  Defendant does not admit to any of the legal conclusions alleged in the Complaint.

9.	Paragraph 9 of the Complaint does not require a response because it contains conclusions of law.  Defendant does not admit to any of the legal conclusions alleged in the Complaint.

## PARTIES

10.	Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 10 of the Complaint.

11.	 Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 11 of the Complaint.

12.	Rightscorp, Inc., a Nevada corporation ("Rightscorp Nevada"), admits that it is "a Nevada business entity with its headquarters and principal place of business located at 3100

Donald Douglas Loop North, Santa Monica, CA 90405.  Rightscorp Nevada further admits that it was formerly known as Stevia Agritech Corp.

13. Rightscorp, Inc., a Delaware corporation ("Rightscorp Delaware") admits that "it is a Delaware business entity with its headquarters and principal place of business located at 3100 Donald Douglas Loop North, Santa Monica, CA 90405.  Rightscorp Delaware further admits that it is a wholly owned subsidiary of Rightscorp Nevada.

14. Paragraph 14 of the Complaint does not require a response because it merely sets forth a placeholder Doe allegation. With respect to Plaintiffs' allegation that Defendant engaged in "wrongful acts," Defendant denies Paragraph 14 of the Complaint.

## FACTS

15. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that "[i]n or around September of 2014, Defendant sent the city of Monroe a certified letter containing a subpoena issued by a California court, which ordered the city to turn over information regarding its internet customers' possible copyright infringements and personal contact information."

17. Defendant admits that the City of Monroe responded to the Subpoena.  Except as expressly alleged herein, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient information or belief to admit or deny the allegation in Paragraph 18 of the Complaint that Brown received a letter from Defendant "In or around October of 2014 …." Defendant otherwise admits the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits Jenkins called Rightscorp to discuss the Brown notices on or about October 20, 2014.

21. Defendant admits that it began sending emails to an email address provided by Ben Jenkins to Rightscorp on October 20, 2014.

22. Defendant admits it sent the email described in Paragraph 22 of the Complaint.

23. Defendant admits that its email of October 20, 2014 contained attachments relating to Brown's acts of copyright infringement.

24. Defendant admits Plaintiffs have not remitted payments of any kind to Rightscorp.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 28 of the Complaint.

29. Defendant admits it manually sent the single text message specifically identified in Paragraph 29 of the Complaint.  Defendant denies it sent any additional text messages or ever used an automated system to send text messages.

30. Paragraph 30 of the Complaint does not require a response because it contains conclusions of law.  Defendant does not admit to any of the legal conclusions alleged in the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 32 of the Complaint. Paragraph 32 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint.

33. Paragraph 33 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint.

34. The allegations set forth at Paragraph 34 of the Complaint are vague, ambiguous, unintelligible and compound, and on that basis Defendant can neither admit nor deny the allegations.

35. Rightscorp denies the allegations in Paragraph 35 of the Complaint.

36. The allegations set forth at Paragraph 36 of the Complaint are vague, ambiguous, unintelligible with respect to the term "numerous," and on that basis Defendant can neither admit nor deny the allegations.

37. Rightscorp denies the allegations in Paragraph 37 of the Complaint.

38. The allegations set forth at Paragraph 38 of the Complaint are vague, ambiguous, unintelligible and compound, and on that basis Rightscorp can neither admit nor deny the allegations.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**

**47 U.S.C. § 227, *et seq.***

39. Paragraph 39 of the Complaint does not require a response because it incorporates by reference the preceding paragraphs of the Complaint without averments of fact.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint. Defendant specifically denies that any of its communications with Plaintiff violated the TCPA.

43. Defendant is without sufficient information or belief to admit or deny the allegations in Paragraph 43 of the Complaint. Paragraph 43 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint.

44. The allegations set forth at Paragraph 44 of the Complaint are vague, ambiguous, unintelligible with respect to the term "One," and on that basis Rightscorp can neither admit nor deny the allegations.

45. Paragraph 45 of the Complaint does not require a response because it contains conclusions of law. Rightscorp does not admit to any of the legal conclusions alleged in the Complaint. Rightscorp denies the allegations in Paragraph 45 of the Complaint and specifically denies that Plaintiffs are entitled to any damage or relief against Defendant.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

46. Paragraph 46 of the Complaint does not require a response because it incorporates by reference the preceding paragraphs of the Complaint without averments of fact.

47. Defendant denies that it violated any TCPA provisions relating to the use of an ATDS and/or prerecorded or automated voice in any of its communications with Plaintiffs.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Because Defendant has denied the allegations in Paragraph 48 of the Complaint, upon which Paragraph 49 depends, Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint does not require a response because it contains conclusions of law. Defendant does not admit to any of the legal conclusions alleged in the Complaint. Defendant denies the allegations in Paragraph 52 of the Complaint, and specifically denies that Plaintiffs are entitled to any damage or relief against Defendant.

## PRAYER FOR RELIEF

1. Defendant admits that Plaintiffs are seeking statutory relief under 47 U.S.C. § 227(b)(3)(B). Except as expressly alleged herein, Defendant denies the allegations in Paragraph 1 of the Prayer for Relief of the Complaint, and specifically denies that Plaintiffs are entitled to any damage or relief against Defendant.

2. Defendant admits that Plaintiffs are seeking treble damages under 47 U.S.C. § 227(b)(3)(C). Except as expressly alleged herein, Defendant denies the allegations in Paragraph 2 of the Prayer for Relief of the Complaint, and specifically denies that Plaintiffs are entitled to any damage or relief against Defendant.

3. Defendant admits that Plaintiffs are seeking "such further relief as may be just and proper." Except as expressly alleged herein, Defendant denies the allegations in Paragraph 3

of the Prayer for Relief of the Complaint, and specifically denies that Plaintiffs are entitled to any damage or relief against Defendant.

## AFFIRMATIVE DEFENSES

In further answer to the allegations contained in the Complaint, and as and for separate, affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief can be granted and contains numerous material misstatements of fact.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims herein are barred by the Doctrine of Unclean Hands.

### THIRD  AFFIRMATIVE DEFENSE

(First Amendment Violation)

The Telephone Consumer Protection Act ("the TCPA"), codified at 47 U.S.C. § 227, upon which Plaintiffs' claims rely, violate the First Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

(Due Process Violation)

The TCPA violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

(Void for Vagueness)

The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine.

## SIXTH AFFIRMATIVE DEFENSE

(Excessive Fines)

The TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Any claim alleged in the Complaint is barred by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Laches)

Any claim alleged in the Complaint is barred by the applicable Statute of Limitations, and the Doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Any claim alleged in the Complaint is barred because Plaintiffs have failed to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

(Implied Consent/Consent)

Any claim alleged in the Complaint is barred to the extent Plaintiffs consented to the receipt of the calls and/or text messages at issue; additionally, Plaintiffs impliedly consented to the use of their cellular phones for receipt of the calls and/or text messages at issue herein and/or expressly consented to the receipt of such calls and/or text messages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

Plaintiffs do not have standing to assert their alleged claims herein because Plaintiffs did not suffer any damages and/or were not the intended recipients of the calls and/or text messages at issue.

Respectfully submitted this 8th day of May 2015.

                                                    s/ Michael O. Crain
                                                    Georgia Bar No. 193079
                                                    Counsel for Defendants

CRAIN LAW GROUP, LLC
297 Prince Avenue, Suite 24
Athens, Georgia 30601
(706) 548-0970 – Telephone
(706) 369-8869 – Facsimile
E-mail: mocrain@crainlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I served the foregoing **DEFENDANT RIGHTSCORP, INC.'S ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Sergei Lemberg, Esq.
>LEMBERG LAW L.L.C.
>1100 Summer Street, Third Floor
>Stamford, CT  06905
>Tel. (203) 653-3350
>Fax (203) 653-3424
>E-mail:  slemberg@lemberglaw.com

This 8th day of May 2015.

>s/ Michael O. Crain
>Ga. Bar No. 193079
>Counsel for Defendants

CRAIN LAW GROUP, LLC
297 Prince Avenue, Suite 24
Athens, GA  30601
Tel: (706) 548-0970
Fax: (706) 369-8869
E-mail:  mocrain@crainlawgroup.com