# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **MELISSA BROWN and** | : | |
| **BEN JENKINS,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | **No. 3:15-CV-12 (CAR)** |
| **RIGHTSCORP, INC., a Nevada** | : | |
| **Corporation, f/k/a Stevia Agritech** | : | |
| **Corp.; RIGHTSCORP, INC.,** | : | |
| **a Delaware Corporation; and** | : | |
| **DOES 1-10, inclusive,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON MOTION TO STAY

Before the Court is Defendant Rightscorp, Inc.'s Motion to Stay [Doc. 7] this case.
Plaintiffs Melissa Brown and Ben Jenkins have responded and oppose the Motion [Doc.
8]. Having considered the Motion, the response thereto, and the applicable law, the
Court **DENIES** the Motion to Stay.

On February 17, 2015, Plaintiffs filed this suit alleging that Rightscorp made
automated telephone calls and text messages to their cellular phones in violation of the
Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Rightscorp filed
an answer and the instant Motion to Stay this case. In support of the Motion,
Rightscorp argues that Plaintiffs' claims are subsumed by a putative class action
currently pending in the United States District Court for the Central District of

California, *Blaha v. Rightscorp, Inc., et al.*, C.D. Cal. Case No. 2:14-cv-9032-DSF-(JCG), wherein the plaintiff alleges that Rightscorp violated the TCPA through similar conduct.   Rightscorp requests that this Court stay the current proceedings pending a ruling on the anticipated motion for class certification in *Blaha* because Plaintiffs in this case will likely be members of that class.   Rightscorp further represents that the deadline for filing a motion for class certification in *Blaha* is July 27, 2015, and if such a motion is filed, Rightscorp will oppose it.   In response, Plaintiffs argue the Court should not stay this case because no class has been certified in *Blaha*, and, even if one is ultimately certified, Plaintiffs will opt out of the class.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[1]   Although a district court has inherent authority to stay a case, "this power must not be exercised lightly."[2]   The court's discretion must be guided by concern for the "interests of all the parties and the interests of the court in an orderly disposition of its caseload."[3]   The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward."[4]   When determining whether a stay is appropriate, "a court may consider the prudential

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[2] *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983).
[3] *Id.*
[4] *Landis*, 299 U.S. at 255.

advantages of a stay, but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted."[5]

In this case, Rightscorp urges the Court to stay the current proceedings pursuant to the first-to-file rule. Under this rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit."[6] Thus, when the rule applies, "the court initially seized of the controversy should hear the case."[7] "The policy behind the rule 'is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"[8] Rightscorp argues that the first-to-file rule warrants a stay in this case because the *Blaha* case was filed first and involves overlapping issues and parties with the case at bar.

The Court, however, finds that the first-to-file rule does not apply because these two cases do not involve overlapping parties. For the first-to-file rule to apply, the parties "need not be identical," but the parties must "substantial[ly] overlap."[9] "[I]n the

---

[5] *Fitzer v. Am. Inst. of Baking, Inc.*, No. CV 209-169, 2010 WL 1955974, at *1 (S.D. Ga. May 13, 2010) (internal quotation marks omitted).

[6] *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

[7] *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013).

[8] *Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *1 (N.D. Ga. Jan. 15, 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (internal quotation marks omitted)).

[9] *Peterson*, 2015 WL 224750, at *2 (citation omitted).

context of class action lawsuits . . . it is the class, not the class representatives, that are relevant for purposes of the first-to-file rule."[10]

Here, there is no substantial overlap between the parties because Plaintiffs in this case are not parties in *Blaha*, as no class encompassing their claims has been certified.[11] Furthermore, whether a class will ultimately be certified at this juncture is speculative at best. For one, the *Blaha* plaintiff may not file a motion to certify the class and instead choose to proceed with his claims individually.[12] Second, a motion for class certification could be denied by the court.[13] Third, even if the court certifies the class in *Blaha*, Plaintiffs in this case may be provided with the opportunity to opt out of the class and pursue their claims individually. Specifically, if the court certifies the class under Federal Rule of Civil Procedure 23(b)(3), members have the unconditional right to opt

---

[10] *Id.* (citations omitted).

[11] *See In re Feggins*, No. 13-11319-WRS, 2014 WL 7185376, at *2 (Bankr. M.D. Ala. Dec. 16, 2014) ("[T]he putative class members are not parties unless and until a class is certified.").

[12] *See Dubee v. P.F. Chang's China Bistro, Inc.*, No. C 10-01937 WHA, 2010 WL 3323808, at *2 (N.D. Cal. Aug. 23, 2010) (finding parties were not substantially similar in two putative class actions because the plaintiff in the previously filed suit did not file a motion to certify the class).

[13] The Court recognizes there is authority for the proposition that a case should be stayed even when the class certification issue is pending in an earlier-filed action. *See, e.g., Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012); *Wise v. Glickman*, 257 F. Supp. 2d 123, 132-33 (D.D.C. 2003). However, those cases are distinguishable from the case at bar because they were putative class actions, not individual actions. *See Harris v. McDonnell*, No. 5:13CV00077, 2013 WL 5720355, at *4 (W.D. Va. Oct. 18, 2013) (finding parties were not substantially similar for purposes of the first-to-file rule where the first action was filed as an individual action and the second was filed as a putative class action, and the individual plaintiff in the first action requested to be excluded from the putative class in the second case).

4

out of the class.[14] Alternatively, if the class is certified under Rule 23(b)(2), the court may exercise its discretion to allow class members to opt out.[15] Given Plaintiffs' stated intent to opt out of the class, if certified, the Court cannot find that the parties substantially overlap at this time. Accordingly, the first-to-file rule does not apply.

Moreover, the Court notes that Defendant's position in this case is somewhat inconsistent with the position it intends to take in *Blaha*—namely, Defendant asks the Court to stay this case pending class certification in *Blaha*, yet expresses that it will oppose any motion to certify class the class in that case. "As it is opposing class certification in *B[laha]*, it cannot properly take a position premised on the assumption that a class will be certified in *B[laha]*."[16]

Finally, the Court finds that a stay of this action will likely prejudice Plaintiffs. Much of the evidence and witnesses are in this district, and Plaintiffs have a strong interest in pursuing their claims in the chosen forum. Moreover, staying this case to await a ruling on a motion that has not yet been filed will delay discovery for an indefinite time. If too much time passes, witnesses may be difficult to find, memories will fade, and evidence may be lost.

---

[14] *See* Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances . . . . The notice must clearly and concisely state in plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion").

[15] *See Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1154 (11th Cir. 1983) (citing *Penson v. Terminal Transport Co.*, 634 F.2d 989, 993 (5th Cir. 1981)).

[16] *In re Feggins*, 2014 WL 7185376, at *3.

Accordingly, Rightscorp's Motion to Stay [Doc. 7] is **DENIED without prejudice**.

If the *Blaha* court certifies a class of which Plaintiffs are members, and Plaintiffs cannot or do not opt out of the class, Rightscorp may renew its request for a stay.

**SO ORDERED,** this 9th day of June, 2015.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE